UNITED STATES COURT OF INTERNATIONAL TRADE

AD HOC SHRIMP TRADE ACTION COMMITTEE,

   Plaintiff,

   v.

UNITED STATES,

   Defendant.

Court No. 23-00202

# COMPLAINT

The Ad Hoc Shrimp Trade Action Committee ("AHSTAC" or "Plaintiff"),[1] by and through its undersigned counsel, makes the following allegations:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiff contests certain factual findings and legal conclusions in the final results issued by the U.S. Department of Commerce ("Commerce") in its 2021-2022 administrative review of the antidumping duty ("AD") order on certain frozen warmwater shrimp from India. The final results of Commerce's review were published in the Federal Register as *Certain Frozen Warmwater Shrimp From India: Final Results of Antidumping Duty Administrative Review; 2021-2022*, 88 Fed. Reg. 60,431 (Dep't Commerce Sept. 1, 2023) ("*Final Results*"). The findings and conclusions of the contested determination were set out primarily in

---

[1] The Ad Hoc Shrimp Trade Action Committee is an interested party in the underlying proceeding under 19 U.S.C. § 1677(9)(F) and the petitioner in the underlying investigation. AHSTAC's current members are: Nancy Edens; Trico Shrimp Company, Inc.; Tarvin Seafood Inc.; Bosarge Boats, Inc.; Anchored Shrimp Company; Big Grapes, Inc.; Versaggi Shrimp Co.; Craig Wallis; and the Southern Shrimp Alliance.

accompanying the *Issues and Decision Memorandum for the Final Results of the 2021-2022 Antidumping Duty Administrative Review of Certain Frozen Warmwater Shrimp from India*, Case No. A-533-840 (Aug. 25, 2023) ("IDM").

## JURISDICTION

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c), which section confers upon the U.S. Court of International Trade exclusive jurisdiction to review final antidumping duty determinations issued by Commerce under 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii).

## STANDING OF PLAINTIFF

3.  Plaintiff is an association, a majority of whose members manufacture, produce, or wholesale a domestic like product in the United States. Consequently, Plaintiff is an "interested party" as defined by 19 U.S.C. § 1516a(f)(3) and 19 U.S.C. § 1677(9)(F). Additionally, Plaintiff was a party to – and actively participated in – the administrative proceeding which resulted in the contested determination that is the subject of this appeal. *See* IDM at 2 n.4. Accordingly, AHSTAC has standing pursuant to 19 U.S.C. § 1516a(d) to commence this action pursuant to 28 U.S.C. § 2631(c).

## TIMELINESS OF ACTION

4.  The *Final Results* of Commerce's seventeenth administrative review of the antidumping duty order on certain frozen warmwater shrimp from India were published in the Federal Register on September 1, 2023. *See Final Results*, 88 Fed. Reg. at 60,431.

5.  This action was commenced by the filing of a Summons and Complaint on September 25, 2023, within thirty days after the publication of the Final Results. Accordingly,

this action is timely commenced pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and 28 U.S.C. § 2636(c).

## BACKGROUND

6. In February 2005, Commerce's antidumping duty order on certain frozen warmwater shrimp from India was published in the Federal Register. *See Certain Frozen Warmwater Shrimp From India: Notice of Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order*, 70 Fed. Reg. 5,147 (Dep't Commerce Feb. 1, 2005).

7. On February 8, 2022, the Federal Register published a notice of opportunity to request that Commerce conduct an administrative review of the antidumping duty order on certain frozen warmwater shrimp from India for the period of February 1, 2021 through January 31, 2022 (the "POR"). *Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity To Request Administrative Review and Join Annual Inquiry Service List*, 87 Fed. Reg. 7,112 (Dep't Commerce Feb. 8, 2022).

8. Notice of Commerce's initiation of the seventeenth administrative review of the antidumping duty order on certain frozen warmwater shrimp from India was published in the Federal Register on April 12, 2022. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 87 Fed. Reg. 21,619 (Dep't Commerce Apr. 12, 2022).

9. Although the administrative review covered 187 producers and/or exporters of subject merchandise from India, Commerce limited the number of respondents for which the agency would determine individual weighted-average dumping margins to the two largest Indian exporters/producers subject to the administrative review—Megaa Moda Private Limited ("Megaa Moda") and NK Marine Exports LLP" ("NK Marine"). *See Certain Frozen Warmwater Shrimp From India: Preliminary Results of Antidumping Duty Administrative*

*Review; 2021-2022*, 88 Fed. Reg. 13,430 (Dep't Commerce Mar. 3, 2023) ("*Preliminary Results*").

11. 10. On March 3, 2023, the preliminary results of Commerce's administrative review were published in the Federal Register, in which it determined a preliminary dumping margin of 7.92 percent for Megaa Moda and 1.43 percent for NK Marine. *See Preliminary Results*, 88 Fed. Reg. at 13,430. The non-selected companies under review were preliminarily assigned a weighted-average dumping margin of 3.76 percent based on the margins calculated for Megaa Moda and NK Marine. *See id*.

11. Following the *Preliminary Results*, AHSTAC and other interested parties submitted case and rebuttal briefs. Petitioner's case brief argued, in part, that Commerce should exclude certain reported home market sales that were not consumed in India from the calculation of normal value in Megaa Moda's comparison market program. *See* IDM at 6. Another interested party, the American Shrimp Processors Association, submitted a rebuttal brief to Commerce supporting AHSTAC's contention, arguing that the administrative record established that certain sales made by Megaa Moda reported as home market sales were not, in fact, for consumption in India. *See id.* at 7.

12. On September 1, 2023, the *Final Results* of Commerce's administrative review were published in the Federal Register. In the *Final Results*, Commerce declined to exclude any of Megaa Moda's reported home market sales from the company's comparison market program. *See id.* at 8-9. Commerce asserted that the U.S. Court of International Trade "has held that the trade patterns of a company's customers do not provide an adequate basis for establishing that sales to such customers are not representative." *Id.* at 9 (*citing Z.A. Sea Foods Private Ltd. v. United States*, 569 F. Supp. 3d 1338, 1351 (CIT 2022), *appeal docketed*, No. 23-1469 (Fed. Cir.

Feb. 7, 2023)). Commerce also found that the administrative record demonstrated that "(1) the destination of these sales was a location in India; and (2) there was no specific packaging or labeling for these sales indicating that they were destined for export." *Id.*

13.  Commerce calculated final dumping margins of 7.92 percent for Megaa Moda and 1.43 percent for NK Marine. *See Final Results*, 88 Fed. Reg. at 60,431. Based on these two calculated rates, a 3.88 percent margin was assigned to the 185 non-individually reviewed companies subject to the administrative review. *Id.*

### STATEMENT OF CLAIMS AND BASIS FOR RELIEF

14.  AHSTAC alleges that the following factual findings and legal conclusions made by Commerce in the *Final Results* are unsupported by substantial evidence on the record or otherwise not in accordance with law.

### Count One

15.  Plaintiff incorporates the allegations contained in paragraphs 1 through 14 by reference as fully set forth herein.

16.  In determining normal value through the price of home market sales, Commerce is directed to utilize prices for the foreign like product sold "for consumption in the exporting country . . ." 19 U.S.C. § 1677b(a)(1)(B)(i).

17.  The record in the administrative review established that certain sales made by Megaa Moda as home market sales were not for consumption in that market and, as such, could not provide the basis for the calculation of normal value.

18.  Nevertheless, in the *Final Results*, Commerce did not exclude these sales from the calculation of normal value in Megaa Moda's comparison market program. *See* IDM at 8-9. By declining to exclude these sales, Commerce's less-than-fair-value comparison was distorted and

failed to calculate a dumping margin that fully offset the amount of dumping that occurred during the POR.

19.     Accordingly, Commerce's calculation of normal value for Megaa Moda was not supported by substantial evidence and is otherwise not in accordance with law.

## Count Two

20.     Plaintiff incorporates the allegations contained in paragraphs 1 through 19 by reference as fully set forth herein.

21.     Commerce calculated a review-specific rate for companies not selected for individual review through use of the review-specific dumping margins of Megaa Moda and NK Marine.  *See Final Results*, 88 Fed. Reg. at 60,431.  Because the dumping margin calculated for Megaa Moda was based on normal value determined through reference to prices for sales in the home market that were not for consumption, the review-specific rate for companies not selected for individual review was inaccurate and failed to fully offset the amount of dumping that occurred during the POR.

22.     Therefore, Commerce's calculation of a review-specific rate for companies not selected for individual review was not supported by substantial evidence and is otherwise not in accordance with law.

## DEMAND FOR JUDGMENT

WHEREFORE, AHSTAC respectfully requests that this Court:

1)  Hold and declare that the aspects of Commerce's *Final Results* described herein are unsupported by substantial evidence on the record, or are otherwise not in accordance with law;

2)  Remand this matter to Commerce for reconsideration and disposition consistent with this Court's decision; and

3) Granting AHSTAC such additional relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Nathaniel Maandig Rickard*

Nathaniel Maandig Rickard
Zachary J. Walker

**PICARD KENTZ & ROWE LLP**
1750 K Street, NW
Washington, DC 20006
nrickard@pkrllp.com
(202) 331-5040

*Counsel to AHSTAC*

Dated: September 25, 2023