IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE THOMAS J. AQUILINO, JR., JUDGE

|  |  |
|---|---|
| AD HOC SHRIMP TRADE ACTION COMMITTEE, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Consol. Court No. 23-00202 |
| UNITED STATES, | ) ) ) ) |
| Defendant. | ) ) |

DEFENDANT'S CONSENT MOTION FOR LEAVE
TO FILE ADMINISTRATIVE RECORD INDEX OUT OF TIME

Pursuant to Rules 6(b)(1)(B) and 7(b) of the United States Court of International Trade, defendant, the United States, respectfully requests that this Court grant leave for the Department of Commerce (Commerce) to file out of time the administrative record index as it pertains to the final results issued and published by the Department of Commerce in the seventeenth administrative review of the antidumping duty order on certain frozen warmwater shrimp from India. *Certain Frozen Warmwater Shrimp From India: Final Results of Antidumping Duty Administrative Review; 2021–2022*, 88 Fed. Reg. 60431 (Sept. 1, 2023). Pursuant to Rule 73.2(b), the submission was due no later than November 6, 2023. On November 6, 2023, this Court consolidated this case with *Megaa Moda Pvt. Ltd. v. United States*, Ct. No. 23-00205 (Ct. Int'l Trade). ECF No. 30. On November 7, 2023, by electronic mail, counsel for Ad Hoc Shrimp Trade Action Committee, Nathan Rickard, counsel for American Shrimp Processors Association, *et. al.*, Nicholas Birch, and counsel for Megaa Moda Pvt., Ltd. *et a*l., Robert Gosselink, each consented to this motion. We intend to file the

administrative record index and accompanying documents within two business days of this Court's ruling on this motion.

Rule 6(b)(1)(B) provides that out of time filings are permitted when the movant is able to demonstrate "excusable neglect." In making that showing, the movant must specifically provide reasons for the delay–typically regarded as the most important factor in evaluating whether a movant's neglect was excusable. In this case, the reason for the delay was agency counsel's mis-calendaring of the administrative record index submission. Agency counsel had instead substituted this case's record submission date for another case arising out of the same agency action, *Megaa Moda Pvt. Ltd. v. United States*, Ct. No. 23-00205 (Ct. Int'l Trade), which, prior to consolidation, had a record submission date of November 8, 2023. Thus, agency counsel fully intended on complying with the Court's deadlines.

Based upon the applicable standard, Commerce's delay in filing the record index in this instance is excusable. In the hallmark case applying the "excusable neglect" standard, the Supreme Court explained that "{t}he ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for {this case}, 'to leave undone or unattended to esp{ecially} through carelessness.'" *Pioneer Investment Svcs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 388 (1993) (quoting Webster's Ninth New Collegiate Dictionary 791 (1983) (first modification added). Neglect thus "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* Accordingly, by permitting delay resulting from "excusable neglect," Congress authorized courts to accept late filings "caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* The Supreme Court further held that the requirement that neglect be "excusable" incorporates an equitable determination, "taking account of all relevant

circumstances surrounding the party's omission." *Id.* at 395.  These factors include "{1} the danger of prejudice to the {other parties}, {2} the length of the delay and its potential impact on judicial proceedings, {3} the reason for the delay, including whether it was within the reasonable control of the movant, and {4} whether the movant acted in good faith." *Id.* (citation omitted).

Applying this standard to the facts of this case, we respectfully submit that the Court should accept Commerce's untimely filing.  First, no parties are prejudiced as a result of the brief delay in filing the record submission.  The filing of the administrative record index and accompanying documents is a procedural requirement, and its filing does not advantage the Government or any particular party.  Moreover, the parties, whether or not the administrative record index is filed with the Court, have the public record documents available to them through Commerce's ACCESS filing system, and those with an administrative procedure order were provided access to business proprietary documents throughout the proceeding.

Second, we respectfully submit that this brief delay in filing the index weighs in favor of a finding of excusable neglect in this case.  The length of the delay is short and the delay will in no way affect the parties' ability to timely file their Rule 56.2 briefs.  Moreover, with no scheduling order yet in place, any delay in access to the record will have a negligible impact, as indicated by the party's consent to this motion.

The third factor for the Court's consideration is the reason for the delay, and whether it was within the reasonable control of the movant.  Although the reason for the delay, which as stated above was counsel's mistaken belief that he had properly calendared the record submission due date in this case, was "within {counsel's} reasonable control," there was no "attempt to 'ignor{e} court-ordered deadlines.'" *Amgen Inc. v. Hoechst Marion Roussel, Inc.*,

3

25 F. App'x 923, 925 (Fed. Cir. 2001) (affirming a district court's finding of excusable neglect, permitting a party to file a belated notice of appeal). As one court observed, "{t}here are instances where the best office systems and precautions fail and matters simply fall through the cracks; it is for those instances that the excusable neglect provision exists." *Robinson v. Wright*, 460 F. Supp. 2d 178, 181-82 (D. Md. 2006). Commerce intended to comply with all deadlines, and although the Court may find Commerce's actions flawed in some way, we respectfully submit that Rule 6(b)(1)(B) was intended to encompass unusual situations such as these.

The fourth and final factor that the Court considers is whether the movant has demonstrated good faith in attempting to address and to minimize the impact of the delay. *Pioneer*, 507 U.S. at 397. Once agency counsel realized that the November 6, 2023, deadline had been missed, we began working on this motion for leave to file out of time.

The good faith inquiry is informed by whether a finding of excusable neglect in a particular instance will undermine the integrity of our justice system. *Spears v. City of Indianapolis*, 74 F.3d 153, 158 (7th Cir. 1996) ("Delays…are one factor causing disrespect for lawyers and the judicial process…Adherence to reasonable deadlines is critical to restoring integrity in court proceedings." (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990))). We respectfully submit that, in light of this overarching purpose, no risk to the integrity of the judiciary will follow from allowing the late filing. "Virtually all excusable neglect cases involve discrete 'one-off' events, which result in a party missing one specific deadline." *Rockwell Automation, Inc. v. United States*, 7 F. Supp. 3d 1278, 1296 n.19 (Ct. Int'l Trade 2014) (citation omitted).

We apologize to the Court and to the other parties for any inconvenience that our error

may have caused, and we will make every effort to ensure that the mistake that occurred is not repeated.

    For these reasons, we respectfully request that the Court grant our request for leave for Commerce to file out of time its administrative record index, which Commerce will do within two business days of the Court's ruling on this motion.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | PATRICIA M. MCCARTHY<br>Director |
|  | /s/ Reginald T. Blades, Jr.<br>REGINALD T. BLADES, JR.<br>Assistant Director |
| OF COUNSEL:<br><br>RUSLAN KLAFEHN<br>Attorney<br>Office of the Chief Counsel<br>For Trade Enforcement & Compliance<br>U.S. Department of Commerce | /s/ Kara M. Westercamp<br>KARA M. WESTERCAMP<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>(202) 305-7571<br>Email: Kara.M.Westercamp@usdoj.gov |

Dated: November 7, 2023

## THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE THOMAS J. AQUILINO, JR., JUDGE

|  |  |
|---|---|
| AD HOC SHRIMP TRADE ACTION COMMITTEE, ) ) ) ) Plaintiff, ) ) v. ) ) UNITED STATES, ) ) Defendant, ) ) | Consol. Court No. 23-00202 |

## **ORDER**

Upon consideration of defendant's consent motion for leave for the Department of Commerce to file the administrative record index out of time; it is hereby

ORDERED that defendant's motion is granted; and it is further

ORDERED that the administrative record index submission shall be filed within two business days of the date of this order.

Dated: November, _____, 2023
      New York, NY

_____
JUDGE

6