UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE THOMAS J. AQUILINO, JR., JUDGE

| | |
|---|---|
| AD HOC SHRIMP TRADE ACTION COMMITTEE, <br><br> Plaintiff, <br><br> and <br><br> AMERICAN SHRIMP PROCESSORS ASSOCIATION, <br><br> Plaintiff-Intervenor, <br><br> and <br><br> MEGAA MODA PRIVATE LIMITED <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES <br><br> Defendant, <br><br> and <br><br> MEGAA MODA PRIVATE LIMITED, <br><br> Defendant-Intervenor, <br><br> and <br><br> AMERICAN SHRIMP PROCESSORS ASSOCIATION, et al., <br><br> Defendant-Intervenors. | Consol. Case No. 23-00202 |

**ORDER**

Upon consideration of the motion of Plaintiff, Megaa Moda Private Limited ("Plaintiff" or "Megaa Moda"), for judgment on the agency record pursuant to Rule 56.2 of the Rules of this Court, and all other papers and proceedings herein; it is hereby

**ORDERED** that Plaintiff's motion is hereby granted; and it is further

**ORDERED** that the final results of *Certain Frozen Warmwater Shrimp from India: Final Results of Antidumping Duty Administrative Review; 2021-2022,* 88 Fed. Reg. 60431 (Sept. 1,

**Order**                                                    **Consol. Case No. 23-00202**

2023), are remanded to the U.S. Department of Commerce with instructions to take such further

action as required by the Court's decision in this matter.


Dated: _____        By: _____
      New York, New York                           Thomas J. Aquilino Jr., Judge

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE:  THE HONORABLE THOMAS J. AQUILINO, JR., JUDGE**

<table>
<tr><td>

**AD HOC SHRIMP TRADE ACTION COMMITTEE,**

    **Plaintiff,**

  **and**

**AMERICAN SHRIMP PROCESSORS ASSOCIATION,**

    **Plaintiff-Intervenor,**

  **and**

**MEGAA MODA PRIVATE LIMITED**

    **Plaintiff,**

  **v.**

**UNITED STATES**

    **Defendant,**

  **and**

**MEGAA MODA PRIVATE LIMITED,**

    **Defendant-Intervenor,**

  **and**

**AMERICAN SHRIMP PROCESSORS ASSOCIATION, et al.,**

    **Defendant-Intervenors.**

</td><td>

**Consol. Case No. 23-00202**

</td></tr>
</table>

**PLAINTIFF' RULE 56.2 MOTION FOR**
**JUDGMENT ON THE AGENCY RECORD**

Pursuant to Rule 56.2 of the Rules of this Court, Plaintiff Megaa Moda Private Limited hereby moves for judgment on the agency record with respect to its complaint challenging the final results of the U.S. Department of Commerce's administrative review of the antidumping duty order against Certain Frozen Warmwater Shrimp from India.  *See Certain Frozen Warmwater Shrimp from India: Final Results of Antidumping Duty Administrative Review;*

**Motion for Judgment on the Agency Record**                    **Consol. Case No. 23-00202**

*2021-2022*, 88 Fed. Reg. 60431 (Sept. 1, 2023), and accompanying Issues and Decision

Memorandum (August 25, 2023).  The *Final Results* covered U.S. entries made from February 1,

2021, through January 31, 2022.

      For the reasons explained in the accompanying memorandum, Plaintiff Megaa Moda

Private Limited respectfully moves for this Court to hold that the contested portions of the *Final*

*Results* are not supported by substantial evidence and are otherwise not in accordance with law.

Plaintiff Megaa Moda Private Limited further moves for the Court to remand this matter to

Commerce for disposition consistent with the order and opinion of the Court.

                    Respectfully submitted,

                    /s/ Robert G. Gosselink

                    Robert G. Gosselink
                    Aqmar Rahman
                    Sezi Erdin

                    **TRADE PACIFIC PLLC**
                    700 Pennsylvania Avenue, SE
                    Suite 500
                    Washington, D.C.  20003
                    (202) 223-3760

                    Counsel to Plaintiff Megaa Moda Pvt. Ltd.

Dated:  February 6, 2024

## UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE:  THE HONORABLE THOMAS J. AQUILINO, JR., JUDGE

| | |
|---|---|
| **AD HOC SHRIMP TRADE ACTION COMMITTEE,** | |
| **Plaintiff,** | |
| **and** | |
| **AMERICAN SHRIMP PROCESSORS ASSOCIATION,** | |
| **Plaintiff-Intervenor,** | |
| **and** | |
| **MEGAA MODA PRIVATE LIMITED** | |
| **Plaintiff,** | |
| **v.** | **Consol. Case No. 23-00202** |
| **UNITED STATES** | |
| **Defendant,** | |
| **and** | |
| **MEGAA MODA PRIVATE LIMITED,** | |
| **Defendant-Intervenor,** | |
| **and** | |
| **AMERICAN SHRIMP PROCESSORS ASSOCIATION, et al.,** | |
| **Defendant-Intervenors.** | |

### CERTIFICATE OF COMPLIANCE

The undersigned counsel at Trade Pacific PLLC certifies that the Memorandum of Law in Support of Plaintiff's Rule 56.2 Motion for Judgment Upon the Agency Record, dated February 6, 2024, complies with the word-count limitation described in the Standard Chambers Procedures.  The memorandum of law contains 4,294 words according to the word-count function of the word-processing software used to prepare the memorandum.

Respectfully submitted,

/s/ Robert G. Gosselink
Robert G. Gosselink

**TRADE PACIFIC PLLC**
700 Pennsylvania Avenue, SE
Suite 500
Washington, D.C.  20003
(202) 223-3760

Counsel to Plaintiff Megaa Moda Pvt. Ltd.

Dated:  February 6, 2024

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE THOMAS J. AQUILINO, JR., JUDGE

| | |
|---|---|
| **AD HOC SHRIMP TRADE ACTION COMMITTEE,** | |
| **Plaintiff,** | |
| **and** | |
| **AMERICAN SHRIMP PROCESSORS ASSOCIATION,** | |
| **Plaintiff-Intervenor,** | **PUBLIC VERSION** |
| **and** | |
| **MEGAA MODA PRIVATE LIMITED** | |
| **Plaintiff,** | |
| **v.** | **Consol. Case No. 23-00202** |
| **UNITED STATES** | |
| **Defendant,** | |
| **and** | |
| **MEGAA MODA PRIVATE LIMITED,** | |
| **Defendant-Intervenor,** | |
| **and** | |
| **AMERICAN SHRIMP PROCESSORS ASSOCIATION, et al.,** | |
| **Defendant-Intervenors.** | |

MEMORANDUM IN SUPPORT OF THE MOTION OF
MEGAA MODA PVT. LTD. FOR JUDGMENT ON THE AGENCY RECORD

Robert G. Gosselink
Aqmar Rahman
Sezi Erdin

**TRADE PACIFIC PLLC**
700 Pennsylvania Avenue, SE, Suite 500
Washington, D.C.  20003
(202) 223-3760

Counsel to Megaa Moda Pvt. Ltd.

Dated:  February 6, 2024

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF AUTHORITIES ................................................................................................... ii

I.      INTRODUCTION .................................................................................................... 1

II.     STATEMENT PURSUANT TO RULE 56.2(c) ...................................................... 2

III.    STATEMENT OF FACTS ....................................................................................... 2

IV.     STANDARD OF REVIEW ...................................................................................... 6

V.      ARGUMENT ............................................................................................................ 7

        A.      Commerce Should Have Allowed Megaa Moda to Offset its Financial
                Expenses With All of the Short-Term Working Capital Interest Income
                That Megaa Moda Received ......................................................................... 7

        1.      Commerce's Decision Not to Offset Financial Expenses With Refunds
                of Financial Expenses Was Not Supported by Substantial Evidence ................... 8

        2.      Commerce Erred in Not Offsetting Megaa Moda's Interest Expenses
                With All Reported Short-Term Interest Income ................................. 12

VI.     RELIEF REQUESTED.............................................................................................. 14

# **TABLE OF AUTHORITIES**

Page

## **Cases**

*Asociacion Columbiana de Exportadores de Flores v. United States*, 22 CIT 173,
   6 F. Supp. 2d 865 (1998) .............................................................................................. 7
*Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156 (1962) ............................... 7
*Consolidated Edison Co. of New York v. NLRB*, 305 U.S. 197 (1938) ............................ 7
*Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607 (1966)............................................. 6, 7
*NTN Bearing Corp. v. United States*, 74 F.3d 1204 (Fed. Cir. 1995)............................... 7
*Nucor Corp. v. United States*, 32 CIT 1380, 594 F. Supp. 2d 1320 (2008)..................... 7
*Rhone Poulenc, Inc. v. United States*, 20 CIT 573, 927 F. Supp. 451 (1996) ................. 7
*Universal Camera Corp. v. NLRB*, 340 U.S. 474 (1951) ............................................... 12

## **Statutes**

19 U.S.C. § 1516a(a)(2)(B)(i).......................................................................................... 7
19 U.S.C. § 1516a(b)(1)(B)(i)....................................................................................... 6, 7
19 U.S.C. § 1677b(b)(3)(b)........................................................................................... 1, 8
19 U.S.C. § 1677b(e)(2)(a) ........................................................................................... 1, 8

## **Other Authorities**

*Certain Frozen Warmwater Shrimp from India: Final Results of Antidumping Duty
   Administrative Review; 2021-2022*, 88 Fed. Reg. 60431 (Sept. 1, 2023).................... 2, 6
*Certain Frozen Warmwater Shrimp from India: Preliminary Results of Antidumping
   Duty Administrative Review; 2021-2022*, 88 Fed. Reg. 13430 (Mar. 3, 2023) ........... 5
*Final Determination of Sales at Less Than Fair Value: Certain Softwood Lumber
   Products from Canada*, 67 Fed. Reg. 15539 (April 2, 2002)  ..................................... 1
*Final Results of Antidumping Duty Administrative Review: Silicon Metal from
   Brazil*, 71 Fed. Reg. 7517 (February 13, 2006) ......................................................... 9
*Glycine from India: Final Determination of Sales at Less Than Fair Value*,
   84 Fed. Reg. 18487 (May 1, 2019)............................................................................ 14
*Sweaters, Wholly or in Chief Weight of Man-Made Fiber from the Republic of
   Korea*, 55 Fed. Reg. 32659 (August 10, 1990) ...................................................... 1, 9

**MEMORANDUM IN SUPPORT OF MOTION FOR
JUDGMENT UPON THE AGENCY RECORD**

## I.      INTRODUCTION

Plaintiff, Megaa Moda Pvt. Ltd. a foreign producer and exporter of frozen warmwater shrimp from India, submits this memorandum to support its motion for judgment on the agency record.  This case concerns a U.S. Department of Commerce ("Commerce") final results decision that deviates from Section 773(b)(3)(B) and Section 773(e)(2)(A) of the Act, which define the proper cost of production and constructed value to include an amount for selling, general, and administrative expenses based on actual data pertaining to a respondent's production and sales of the merchandise under consideration.  Commerce interprets these provisions to include net interest expenses as a component of general and administrative expenses.[1]  And Commerce long has maintained a practice of calculating net interest expenses by allowing an offset for short-term interest income when a respondent demonstrates that the short-term income was generated from its manufacturing and selling operations.[2]  Given that Commerce for more than 30 years has relied on short-term interest offsets to calculate the proper amount of net interest expenses, Commerce's decision in this case to disallow an offset for short-term interest income was arbitrary and an abuse of discretion, resulting in a determination unsupported by substantial evidence.  An assessment of the law and the administrative record in this case demonstrates that Commerce's actions and conclusions in this matter cannot be sustained.

---

[1]    *See Final Determination of Sales at Less Than Fair Value: Certain Softwood Lumber Products from Canada*, 67 Fed. Reg. 15539 (April 2, 2002) (Issues and Decision Memorandum, at Comment 15).

[2]    *See Sweaters, Wholly or in Chief Weight of Man-Made Fiber from the Republic of Korea*, 55 Fed. Reg. 32659, 32667 (August 10, 1990).

## II.     STATEMENT PURSUANT TO RULE 56.2(c)

Plaintiff, Megaa Moda Pvt. Ltd., moves for judgment on the agency record with respect to its complaint challenging the final results of the U.S. Department of Commerce's administrative review of the antidumping duty order against frozen warmwater shrimp from India.  *See Certain Frozen Warmwater Shrimp from India: Final Results of Antidumping Duty Administrative Review; 2021-2022*, 88 Fed. Reg. 60431 (Sep. 1, 2023), PD 205.[3]  The challenged determination, findings, and conclusions are set forth in Commerce's unpublished Issues and Decision Memorandum (August 25, 2023) ("*Final Decision Memorandum*"), PD 202.  Plaintiff seeks judgment upon the agency record and a remand of Commerce's determination with respect to whether Commerce acted arbitrarily when Commerce did not permit certain of Megaa Moda's short-term interest income to be used an offset against interest expenses when calculating the company's net interest expense ratio, even though record evidence substantiated that the sources of Megaa Moda's short-term interest income were related to its working capital.  Because Commerce acted inconsistently and failed to explain or justify its contradictory approaches, this Court should remand the case to Commerce with instructions to reconsider these aspects of its final results determination in accordance with the Court's decision.

## III.    STATEMENT OF FACTS

On April 12, 2022, Commerce initiated the seventeenth administrative review of the antidumping duty order on certain frozen warmwater shrimp from India.  Commerce's period of review ("POR") was February 1, 2021 through January 31, 2022.[4]  In July 2022, Commerce

---

[3]   Citations to public record documents from Commerce's Administrative Record List are designated as "PD," and citations to confidential record documents are designated as "CD."

[4]   *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 87 Fed. Reg. 21619, 21622 (Dep't Commerce Apr. 12, 2022) ("*Initiation Notice*"), PD 157.

issued a memorandum stating that it had selected Plaintiff, Megaa Moda Private Limited as one

of the mandatory respondents in the 2021-2022 administrative review.

In August and September 2022, Plaintiff submitted timely responses to section A (i.e., the

section relating to general information) and to the remaining sections of the questionnaire (i.e.,

sections B, C, and D, the sections covering home market sales, U.S. sales, cost of production

(COP)/constructed value (CV), and further manufacturing, respectively).[5]  In its Section D cost

of production response, Megaa Moda provided its cost allocations for the POR as well as its net

interest expense ratio calculation worksheets.[6]  Megaa Moda calculated its interest expense ratio

by dividing its net interest expenses by its cost of the goods sold.  To determine its net interest

expenses, Megaa Moda offset its interest expenses related to *both* short- and long-term liabilities

by its interest income related *only* to short-term assets.  Specifically, Megaa Moda summed its

interest expenses during the POR and offset these expenses with financial income related to (1)

foreign exchange gains, (2) "interest on FD with FBL"; and (3) interest subvention received.[7]

On January 19, 2023, Commerce issued Megaa Moda a supplemental Section D cost

questionnaire.[8]  In the questionnaire, Commerce asked Megaa Moda to "{e}xplain the nature of

the interest subvention received" and to provide "supporting documentation that the interest

---

[5]   S*ee* Megaa Moda's Letter, "Response to Section A Questionnaire" (August 29, 2022)
("Megaa Moda AQR"), PD 115-117, CD 36-37; *see also* Megaa Moda's Letters, "Responses
to Section B and C Questionnaire" (September 21, 2022) ("Megaa Moda BCQR"), PD 118-
127, CD 52-62, 67, 69, 70; and "Megaa Moda Response to Section D Questionnaire,"
(September 22, 2022) ("Megaa Moda DQR"), PD 129-131, CD 63-66, 68, 71.

[6]   *See* Megaa Moda DQR, at Exhibit D-12 and D-14, PD 129-130, CD 63-64.

[7]   *See* Megaa Moda DQR, at Exhibit D-12, PD 129, CD 63.

[8]   *See* Commerce's Section D Supplemental Questionnaire (Jan. 19, 2023), PD 140, CD 76.

income offset is derived from interest income earned on short term assets."[9]  In response, Megaa

Moda explained that

> Interest Subvention relates to the refund of interest expenses on Pre shipment
> export finance under "Interest Equalization Scheme for Pre and Post Shipment
> Rupee Export Credit" announced by Government of India.  Pre and Post
> Shipment rupee is given for **working capital needs** of the company.  Pre and Post
> Shipment Rupee export credit is **to be settled in less than 180 days**.  Megaa
> received Interest Equalization Scheme amounts as per the Reserve Bank of
> India's Interest Equalisation Scheme on its pre-shipment export finance in Rupee.
> The Reserve Bank of India through exporter's bankers provides interest
> equalization on Rupee Export financing (i.e., on pre shipment & post shipment
> export finance in Rupees) either by way of refund of 3 percent of interest or by
> charging lesser interest of 3 percent on pre-shipment & post shipment export
> finance in Rupees.[10]

As additional support for the short-term nature of the refund of interest expenses, Megaa

Moda provided in Exhibit SD1-12 of its supplemental D response the Reserve Bank of India's

regulations relating to subvention income (refund of interest expenses), as well as an Industrial

Development Bank of India webpage that explained that the nature of the "packing credit" loans

that were the basis of the interest expenses that were refunded to Megaa Moda was "to make

short-term working capital finance available to exporters."[11]  The IDBI website and guidelines in

Exhibit SD1-12 explained that "the period prescribed for realization of export proceeds is 12

months from the date of shipment."  This 12-month limitation reiterated the short-term nature of

the packing credit loans provided and established that the corresponding subvention income

refunds of interest expenses also were short-term.  In addition, Megaa Moda provided in Exhibit

SD1-12(a) of its supplemental response a bank statement identifying the interest subvention

---

[9]    *Id.* at 8.  PD 140, CD 76.

[10]    *See* Megaa Moda's Letter, "Response to Supplemental D Questionnaire" (February 13, 2023)
("Megaa Moda SuppDQR"), at SD1-10, PD 153-155, CD 90-95 (emphasis added).

[11]    Megaa Moda SuppDQR, at Exhibit SD1-12, PD 153-155, CD 90-95.

income that it received, and provided in Exhibit SD1-12(b) screenshots from its accounting system that linked its interest subvention refunds to the bank statement.[12]  Importantly, the first page of the bank statement provided in Exhibit SD1-12(b) identified the type of account as "current," which again evidenced the short-term nature of the account.

On March 3, 2023, Commerce published its preliminary results of the 2021-2022 administrative review, in which it calculated an antidumping duty margin of 7.92 percent for Megaa Moda.[13]  As part of its determination, Commerce permitted Megaa Moda's exchange gains as an offset to its financial expenses, but disallowed Megaa Moda's remaining interest income as offsets to financial expenses, claiming that the interest expenses refunded and other interest earned did not relate to short-term investments of Megaa Moda's working capital.[14]  Specifically, Commerce disallowed the interest income offset for [

] because it claimed the interest did not relate to short-term investments of the company's working capital.  Commerce also disallowed the [                              ] as an offset to financial expenses because it claimed Megaa Moda did not provide evidence that the interest was earned on short-term investments of the company's working capital.[15]

Plaintiff filed a substantive brief on April 11, 2023, challenging Commerce's decision to disallow the interest expense refunds and other interest income as offsets to Plaintiff's interest

---

[12]   Megaa Moda SuppDQR, at Exhibits SD1-12(a) and SD1-12(b), PD 153-155, CD 90-95.

[13]   *Certain Frozen Warmwater Shrimp from India: Preliminary Results of Antidumping Duty Administrative Review; 2021-2022*, 88 Fed. Reg. 13430 (Mar. 3, 2023), PD 168.

[14]   *See Decision Memorandum for the Preliminary Results of the 2021-2022 Administrative Review of the Antidumping Duty Order on Certain Frozen Warmwater Shrimp from India* (February 27, 2023), at 13, PD 159.

[15]   *See* Memorandum Re. "Preliminary Results Calculations for Megaa Moda" (February 27, 2023) at 2, PD 164, CD 105.

expenses.[16]  On August 25, 2023, Commerce issued its final results of the 2020-2021

administrative review, in which it continued to calculate Megaa Moda's financial expense ratio

without allowing an offset to financial expenses for the "interest subvention received " and the

"interest on FD and FBL."[17]  In its final decision memorandum, Commerce explained that it was

disallowing Megaa Moda's refunds of interest expenses as an offset to financial expenses

because Commerce determined the interest subvention was generated from the refund of interest

expenses from export credit, and not from the company's current assets and working capital

accounts.[18]  Commerce also determined that Megaa Moda did not provide supporting

documentation for the short-term nature of the income derived from "interest on FD and FBL,"

and therefore continued to exclude this interest income from the calculation of Megaa Moda's

financial expense ratio.  This appeal ensued.

## IV.   STANDARD OF REVIEW

In reviewing the final results of an antidumping duty ("AD") administrative review, the

Court deems the agency determination unlawful when it is not supported by substantial evidence

on the record, or otherwise is not in accordance with law. 19 U.S.C. § 1516a(b)(1)(B)(i). {T}he

substantiality of evidence must take into account whatever in the record fairly detracts from its

weight. *See Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951).  Substantial evidence

is "more than a mere scintilla," and is "such relevant evidence as a reasonable mind might accept

---

[16]   Megaa Moda Case Brief (April 11, 2023), PD 174, CD 117-118; Megaa Moda Revised Case Brief (refiled June 19, 2023), PD 197, CD 127;.

[17]   *Certain Frozen Warmwater Shrimp from India: Final Results of Antidumping Duty Administrative Review; 2021-2022*, 88 Fed. Reg. 60431 (Sept. 1, 2023), PD 205.

[18]   *See Issues and Decision Memorandum for the Final Results of the 2021-2022 Antidumping Duty Administrative Review of Certain Frozen Warmwater Shrimp from India* (August 25, 2023), at 13-14, PD 202.

as adequate to support a conclusion." *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 619-20

(1966) (*quoting Consolidated Edison Co. of New York v. NLRB*, 305 U.S. 197, 229 (1938));

*PAM, S.p.A. v. United States*, 582 F.3d 1336, 1339 (Fed. Cir. 2009).  For a determination to

satisfy this standard, "{t}here must be a rational connection between the facts found and the

choice made." *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962); *Nucor*

*Corp. v. United States*, 32 CIT 1380, 594 F. Supp. 2d 1320, 1331-32 (2008).

This Court has found Commerce's determinations unlawful "where Commerce has relied

on inadequate facts or reasoning, or failed to provide an adequate basis for its conclusions."

*Rhone-Poulenc, Inc. United States*, 20 CIT 573, 575, 927 F. Supp. 451, 454 (1996); *see also*

*Asociacion Columbiana de Exportadores de Flores v. United States*, 22 CIT 173, 184–85, 6 F.

Supp. 2d 865, 879–80 (1998) (stating that a change in practice requires Commerce to explain the

basis for its change and that such basis must be in accordance with law and supported by

substantial evidence).  Finally, even where Commerce has acted in conformity with its statutory

and regulatory obligations, the resulting duty rate must be examined for its accuracy and fairness.

*See NTN Bearing Corp. v. United States*, 74 F.3d 1204, 1208 (Fed. Cir. 1995).

## V.   ARGUMENT

### A.   Commerce Should Have Allowed Megaa Moda to Offset its Financial Expenses With All of the Short-Term Working Capital Interest Income That Megaa Moda Received

In reviewing final determinations by Commerce brought by 19 U.S.C. §

1516a(a)(2)(B)(i), this Court is required to hold unlawful the determinations found to be

unsupported by substantial evidence on the record, or otherwise not in accordance with law. 19

U.S.C. § 1516a(b)(1)(B)(i).  In this case, Plaintiff Megaa Moda, submitted comprehensive

evidence demonstrating the short-term nature of its various interest income and its suitability as

an offset to its financial expenses.  This evidence included audited financial statements, cost allocation worksheets, Reserve Bank of India bulletin, explanations from the INDB bank, and bank statements.  The detailed documentation provided by Megaa Moda indicated the short-term nature of the interest income, particularly with respect to the "interest subvention" and also with respect to the "interest on FD with FBL."  Despite providing this information directly in response to Commerce's questions and discussing it at length in its case brief, Commerce's final determination failed to adequately consider and weigh this information.  Therefore, not only was Commerce's decision not to accept Megaa Moda's short-term interest income as an offset to financial expenses inconsistent with Commerce's established practice, but Commerce's failure to address the record evidence submitted by Megaa Moda also rendered its determination unreasonable and unsupported by substantial evidence.

1.   **Commerce's Decision Not to Offset Financial Expenses With Refunds of Financial Expenses Was Not Supported by Substantial Evidence**

Section 773(b)(3)(B) and 773(e)(2)(A) of the Act define the cost of production and constructed value to include an amount for selling, general, and administrative expenses based on actual data pertaining to the production and sales of the merchandise under consideration. Commerce has interpreted these provisions to include net interest expenses as a component of general and administrative expenses.  *See Final Determination of Sales at Less Than Fair Value: Certain Softwood Lumber Products from Canada*, 67 Fed. Reg. 15539 (April 2, 2002) (Issues and Decision Memorandum, at Comment 15).  Commerce's practice is that net interest expenses are the actual interest expenses incurred by a company on both short-term and long-term debt, reduced by the interest income earned on short term deposits and securities.  It is Commerce's practice to exclude income from long-term financial assets in the financial expense calculation because such income typically is related to investing activities and is not associated with the

general operations of a company.  *See Final Results of Antidumping Duty Administrative Review:*

*Silicon Metal from Brazil*, 71 Fed. Reg. 7517 (February 13, 2006), Issues and Decision

Memorandum, at Comment 4.  However, for more than 30 years, Commerce has allowed an

offset for short-term interest income when respondents demonstrate that the short-term assets

were purchased or funded with cash generated from their manufacturing and selling operations.

*See Sweaters, Wholly or in Chief Weight of Man-Made Fiber from the Republic of Korea*, 55

Fed. Reg. 32659, 32667 (August 10, 1990).

In the final results of this administrative review, it was unreasonable for Commerce not to

offset Megaa Moda's interest expenses with the interest subvention income the company

received because Megaa Moda provided substantial documentation demonstrating that the

interest subvention income was short-term in nature and constituted refunds of interest expenses

that stemmed from the company's working capital.  As explained above, interest subvention

relates to the refund of interest expenses that have been paid on certain export financing loans.[19]

In its supplemental Section D response, Megaa Moda provided a screenshot from the website of

the Industrial Development Bank of India, which describes these particular loans as "packing

credit" loans, which are "granted to an exporter for financing the purchase, processing,

manufacturing, or packing of goods prior to shipment"; and that such "packing credit can also be

extended as working capital assistance to meet expenses such as wages, utility payments, travel

expenses, etc."[20]  Importantly, the overview of such loans describes their purpose as "intended to

make **short-term** working capital finance available to exporters at internationally comparable

interest rates" (emphasis added).  While Commerce claimed in the *Final Results* that the interest

---

[19]   Megaa Moda SuppDQR, at SD1-10, PD 153-155, CD 90-95.

[20]   Megaa Moda SuppDQR, at Exhibit SD1-12, PD 153-155, CD 90-95.

subvention was generated from the refund of interest expenses from export credit, and not from the company's current assets and working capital accounts, Commerce is mistaken.[21]  Because the interest expenses ***paid*** on the short-term packing credit loans related to Megaa Moda's working capital, when some of those interest expenses were ***refunded*** (because of Megaa Moda's participation in the interest subvention program), it is axiomatic that such subvention refunds necessarily also related to its working capital and also were short-term in nature.

Megaa Moda explained in its supplemental Section D response that the export credit loans from the company's working capital that formed the basis of the interest expenses that were refunded were required to be settled within 180 days.[22]  As further support for the short-term nature of the initial loans and refunded interest expenses, Megaa Moda provided in Exhibit SD1-12 of its supplemental Section D response the regulations relating to interest subvention income, as well as the IDBI Bank webpage explaining how the credit was applied and processed.[23]  The website and extant guidelines in Exhibit SD1-12 explained that realization of the export proceeds could not be longer than 12 months from the date of shipment of the merchandise.  This time limitation substantiates the short-term nature of the packing credit loans provided and the corresponding subvention income refunds received.[24]

Megaa Moda's audited financial statements further confirm that the interest subvention received during the POR was short-term income and related to the company's working capital.

---

[21]  *See Issues and Decision Memorandum for the Final Results of the 2021-2022 Antidumping Duty Administrative Review of Certain Frozen Warmwater Shrimp from India* (August 25, 2023), at 13-14, PD 202.

[22]  Megaa Moda SuppDQR, at SD1-10, PD 153-155, CD 90-95.

[23]  *Id*. at Exhibit SD1-12.

[24]  *Id*.

Attachment 1 contains page 38 of Megaa Moda's 2021-2022 audited financial statements, which specifically identifies in Note 26 the company's interest expenses on short-term borrowings as [       ] thousand rupees.[25]  **Attachment 2** contains a detailed listing of all the subcomponents of this value, and identifies where these figures are contained in the administrative record.  As shown in the attachment, one of the line items (highlighted in green) in the total net interest on short-term borrowing of [           ] rupees is the refund of interest expenses (i.e., interest subvention income) of [             ] rupees.  That Megaa Moda's independent auditors treated such interest expense refunds as part of the calculation of Megaa Moda's net "short-term" borrowing expenses (as opposed to including such amount in the calculation of the "long-term" borrowing expenses also shown in the same Note 26) substantiates the treatment of the refunded interest expenses (i.e., interest subvention) as short-term income.

Last, Megaa Moda's classification of its short-term borrowings in its financial statements further substantiates the subventive income as short-term income from the company's working capital accounts.  **Attachment 3** includes page 32 of Megaa Moda's 2021-2022 audited financial statements, which specifically identifies in Note 9 the company's total short term borrowings as [       ] thousand rupees.[26]  **Attachment 4** contains a detailed listing of all the subcomponents of this value, and identifies where these figures are contained in the administrative record.  As shown in the attachment, one of the line items (highlighted in yellow) of the total *short-term borrowing* of [       ] thousand rupees are Megaa Moda's packing credit loans of [       ] thousand rupees.  Because the packing credit loans were issued "to make ***short-term working***

---

[25]  *See* Megaa Moda's Letter, "Response to Supplemental ABC Questionnaire" (February 3, 2023) ("Megaa Moda SuppABCQR"), at Exhibit S1-1, PD 149-150, CD 82-89.

[26]  *See* Megaa Moda SuppABCQR, at Exhibit S1-1, PD 149-150, CD 82-89.

*capital finance* available to exporters,"[27] it was unreasonable and contrary to record evidence for Commerce not to consider the associated packing credit expenses (i.e., the related subventive income refunds) to be related to the same short-term working capital.

Because the record evidence established that the refunds of interest expenses received by Megaa Moda during the POR were short-term in nature and that the initial expenses derived from loans provided to enhance the company's working capital, it was unreasonable for Commerce to have disallowed the subvention income refunds received because of those loans as an offset to financial expenses when calculating Megaa Moda's financial expense ratio.  Because Commerce's decision not to offset Megaa Moda's financial expenses with subvention refunds of interest expenses contradicts Commerce's well-established administrative practice of allowing a respondent to offset financial expenses with short-term interest income, and because Commerce's determination was further contradicted by substantial record evidence, this Court should remand this case to Commerce to correct this error.

## 2.      Commerce Erred in Not Offsetting Megaa Moda's Interest Expenses With All Reported Short-Term Interest Income

In its *Final Results*, Commerce also committed legal error by failing to offset Megaa Moda's interest expenses with the [          ] rupees of "interest on FD with FBL" that Megaa Moda received and included as part of its net financial expense ratio calculation.[28]  Commerce claimed in its *Final Results* that Megaa Moda did not provide sufficient supporting documentation for the short-term nature of the interest income derived from "interest on FD with

---

[27]   Megaa Moda SuppDQR, at Exhibit SD1-12, PD 153-155, CD 90-95.

[28]   *See Issues and Decision Memorandum for the Final Results of the 2021-2022 Antidumping Duty Administrative Review of Certain Frozen Warmwater Shrimp from India* (August 25, 2023), at 14, PD 202.

FBL" and thus disallowed the offset.  But the administrative record in this case already fully supported the treatment of Megaa Moda's interest income on FD with FBL as short-term in nature, and thus Commerce erred when it claimed that Megaa Moda did not fully substantiate the interest income offset.

Megaa Moda's financial statements and trial balance establish that the entirety of Megaa Moda's [          ] "interest on FD with FBL" was short term in nature.  **Attachment 1** contains Note 22 Other Income from Megaa Moda's audited 2021-2022 Financial Statements, and confirms that the total amount of Megaa Moda's interest income on bank deposits was [      ] thousand rupees.  **Attachment 5** contains a detailed listing of all the subcomponents of "other income," and identifies where Megaa Moda previously reported these figures in the administrative record.  The listing confirms that Megaa Moda identified the entirety of the [        ] rupees of interest income on bank deposits as being derived from interest on FD with FBL.  To establish that such interest is short-term, **Attachment 6** contains a listing of all the subcomponents of Megaa Moda's "Cash and Cash Equivalents," the total amount of which (i.e., [      ] thousand rupees) reconciles both to Note 18 of Megaa Moda's 2021-2022 financial statements and to Megaa Moda's balance sheet included in **Attachment 3**.[29]  Of particular note, and highlighted in yellow, is that the total "Cash and Cash Equivalents" includes FD with FBL, which is identified under "Other bank balances."

Based on its established practice, Commerce should have recognized and treated the interest income on FD with FBL as short-term income and allowed the amount as an offset to Megaa Moda's interest expenses in the calculation of the company's financial expense ratio.  In

---

[29] Again, **Attachment 6** identifies where these figures are contained in the administrative record.

the less-than-fair-value investigation of *Glycine from India*, Commerce established that "cash and cash equivalents are current assets that are short-term in nature." *Glycine from India: Final Determination of Sales at Less Than Fair Value*, 84 Fed. Reg. 18487 (May 1, 2019) (Issues and Decision Memorandum, at Comment 3). Specifically, Commerce found in *Glycine from India* that "a company's cash and cash equivalents accounts are current financial instruments of high liquidity, not investments that are a separate profit-making activity," and that record evidence in that case showed that the deposits that generated the interest income were classified as "cash and cash equivalents" (i.e., current assets) related to working capital, and thus constituted interest income that was short-term in nature. Here, the same situation existed, and it was lawfully incorrect for Commerce not to have adopted the same approach in this case and treat the interest income on FD with FBL as an appropriate offset to financial expenses.

Because Megaa Moda's interest income on FD with FBL derives from FD with FBL deposits, and because Megaa Moda treated FD with FBL deposits as "cash and cash equivalents," and because Commerce treats "cash and cash equivalents" as working capital related to current financial instruments, it therefore was incorrect for Commerce to conclude that Megaa Moda did not substantiate the interest income on FD with FBL as short-term interest income. On remand, the court should require Commerce to reconsider its final decision and to offset Megaa Moda's interest expenses with the [                    ] of short-term "interest income on FD with FBL" that the company reported.

## VI.   <u>RELIEF REQUESTED</u>

Given the substantial evidence provided by Megaa Moda, the procedural oversight by Commerce, and the inconsistency of Commerce's decision with established legal precedents and practices, we respectfully request that the Court find Commerce's determination in the 2021-

2022 administrative review unlawful.  We urge the Court to require Commerce to re-evaluate its

final decision, and to ensure that it is based on substantial evidence, adheres to procedural norms,

and aligns with legal standards and well-established administrative practice.

Respectfully submitted,

/s/ Robert G. Gosselink
Robert G. Gosselink
Aqmar Rahman
Sezi Erdin

**TRADE PACIFIC PLLC**
700 Pennsylvania Avenue, SE, Suite 500
Washington, D.C.  20003
(202) 223-3760

Counsel to Megaa Moda Pvt. Ltd.

Dated:  February 6, 2024

# Attachment 1

**Not Capable of Summary**

# Attachment 2

**Ledger-Specific Financial Expenses Reported in Megaa Moda's 2-21-22 Audited Financial Statements**

| Particulars | Rupees | Rupees in '000s | Source/Remarks |
|---|---|---|---|
| **(A) Interest on Short Term Borrowing** | | | |
| INTEREST ON FDBP | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 14, CD 90-95 |
| INTEREST ON OD | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 14, CD 90-95 |
| INTEREST ON PCFC | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 14, CD 90-95 |
| INTEREST ON PCL | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 14, CD 90-95 |
| INTEREST PAID | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 14, CD 90-95 |
| INTEREST SUBVENTION RECEIVED | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 13, CD 90-95 |
| FACTORING FEE | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 14, CD 90-95 |
| FACTORING INTEREST | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 14, CD 90-95 |
| **Total (A)** | | | Reconciles to "Note 26 Finance Cost" on page 38 of Audited Financial Statement, included in Attachment 1 |
| | | | |
| **(B) Interest on Long Term Borrowing** | | | |
| INTEREST ON TERM LOAN 937 | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 14, CD 90-95 |
| INTEREST ON TERM LOAN 994 | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 14, CD 90-95 |
| INTEREST ON UNSECURED LOAN | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 14, CD 90-95 |
| INTEREST ON VEHICLE LOAN | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 14, CD 90-95 |
| **Total (B)** | | | Reconciles to "Note 26 Finance Cost" on page 38 of Audited Financial Statement, included in Attachment 1 |
| | | | |
| **(C ) Other Borrowing cost** | | | |
| LOAN PROCESSING FEES | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 14, CD 90-95 |
| BANK CHARGES | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 13, CD 90-95 |
| BANK CHARGES  OUTLAT | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 13, CD 90-95 |
| BANK CHARGES  SWAP COST | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 13, CD 90-95 |
| BANK CHARGES FC | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 13, CD 90-95 |
| **Total (C)** | | | Reconciles to "Note 26 Finance Cost" on page 38 of Audited Financial Statement, included in Attachment 1 |
| | | | |
| **Sub-Total (A+B+C)** | | | Reconciles to "Note 26 Finance Cost" on page 38 of Audited Financial Statement, included in Attachment 1 |

# Attachment 3

**Not Capable of Summary**

# Attachment 4

**Ledger-Specific Short-Term Borrowings and Long-Term Borrowings reported in Megaa Moda's 2021-22 Audited Financial Statements**

| Particulars | Rupees In '000s | | | Rupees | Source/Remarks |
|---|---|---|---|---|---|
| | Long term | Short term | Total | Total | |
| (A) Pcl, Pcfc, Fdbp And Ebrd From Bank | | | | | |
| FDBP Loan-Lc | | | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 2, CD 90-95 |
| Packing Credit Loans* | | | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 2, CD 90-95 |
| **Total (A)** | | | | | Please see Note 9 in Attachment 3 |
| | | | | | |
| (B) Term Loans from bank | | | | | |
| Term Loan A/C No 937 | | | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 2, CD 90-95. Short term loan of Rs 21,300,000 is grouped under Note 9 short-term borrowings (see Attachment 3) |
| | | | | | |
| (C) Car Loans from bank | | | | | |
| Car Loan From Union Bank Of India | | | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 2, CD 90-95. Short term loan of Rs 626883 is grouped,ote 9 short-term borrowings (see Attachment 3) |
| | | | | | |
| **Sub-total (A+B+C)** | | | | | |

**Ties to Note 9-Short-term borrowings in Megaa Moda's 2021-22 Audited Financial Statements provided in Attachment 3**

The above loans consist of Pre-Shipment Credit Loans and Post-Shipment Credit Loans (Please see Note 9.1 of Attachment 3)

# Attachment 5

**Ledger-Specific Other Income Reported in Megaa Moda's 2021-22 Audited Financial Statements**

| Particulars | Rupees | Rupees in '000s | Source/Remarks |
|---|---|---|---|
| **(A) Interest Income** | | | |
| INTEREST ON FD WITH FBL | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 13, CD 90-95 |
| Total (A) | | | Reconciles to "Note 22 Other Income" in Megaa Moda's 2021-22 Audited Financial Statement in Attachment 1 |
| | | | |
| **(B) Deferred Income - Government Grant** | | | |
| Deferred Income- MOFPI Govt Grant | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 13, CD 90-95 |
| Deferred Income- Capital Subsidy From MPEDA | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 13, CD 90-95 |
| Total (B) | | | Reconciles to "Note 22 Other Income" in Megaa Moda's 2021-22 Audited Financial Statement in Attachment 1 |
| | | | |
| **(C ) Net gain on foreign currency transactions and translation** | | | |
| FC GAIN/LOSS AGAINST EXPORT SALES | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 13, CD 90-95 |
| Total (C) | | | Reconciles to "Note 22 Other Income" in Megaa Moda's 2021-22 Audited Financial Statement in Attachment 1 |
| | | | |
| **(C ) Miscellaneous income** | | | |
| PROFIT FROM SALE OF FA | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 13, CD 90-95 |
| Sales Insurance Claim | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 13, CD 90-95 |
| TESTING CHARGES RECEIVED | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 13, CD 90-95 |
| Total (D) | | | Reconciles to "Note 22 Other Income" in Megaa Moda's 2021-22 Audited Financial Statement in Attachment 1 |
| | | | |
| Sub-total (A+B+C+D) | | | Reconciles to "Note 22 Other Income" in Megaa Moda's 2021-22 Audited Financial Statement in Attachment 1 |

# Attachment 6

Public Version

**Ledger-Specific Cash and Cash Equivalents Reported in Megaa Moda's 2021-22 Audited Financial Statements**

| Particulars | Total | Rs Total | Remarks |
|---|---|---|---|
| **(A) Balances with banks in Current Account** | | | |
| | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 11, CD 90-95 |
| | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 11, CD 90-95 |
| | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 11, CD 90-95 |
| | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 11, CD 90-95 |
| | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 11, CD 90-95 |
| | | | Megaa Moda SuppABCQR, Ex. S1-1, Note 18, CD 82-89 |
| | | | |
| **(B) Balance with Bank in EEFC Account** | | | |
| | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 11, CD 90-95, and grouped under Megaa Moda SuppABCQR, Ex. S1-1, Note 18, CD 82-89 |
| | | | |
| **(C) Cash in hand** | | | |
| | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 11, CD 90-95 |
| | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 11, CD 90-95 |
| | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 11, CD 90-95 |
| | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 11, CD 90-95 |
| | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 11, CD 90-95 |
| | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 11, CD 90-95 |
| | | | Megaa Moda SuppDQR, Ex. SD1-13(a), page 11, CD 90-95 |
| | | | Megaa Moda SuppABCQR, Ex. S1-1, Note 18, CD 82-89 |
| | | | |
| **(C) Other bank balances** | | | |
| FD WITH FBL | | | Refer Exhibit SD1-13(a) Page 10 |
| | | | Refer Exhibit SD1-13(a) Page 10 |
| | | | Refer Exhibit SD1-13(a) Page 10 |
| | | | Megaa Moda SuppABCQR, Ex. S1-1, Note 18, CD 82-89 |
| | | | |
| **Sub-total (A+B+C)** | - | - | Reconciles to Note 18-Cash & Cash equivalents in Megaa Moda's 2021-22 Audited Financial Statements as given in Megaa Moda SuppABCQR at Ex. S1-1 |

* The interest accrued on FD with FBL had a closing balance of Rs. 5,944,212 as of March 31, 2022. However, it was reported under Cash and Cash Equivalents as Rs.2,914,688 because accrued interest of Rs.3,029,524 was classified under Note-20 Other Current Assets as given in Megaa Moda SuppABCQR, at Ex. S1-1.