UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE THOMAS J. AQUILINO, JR., JUDGE

| | |
|---|---|
| AD HOC SHRIMP TRADE ACTION COMMITTEE, <br>     Plaintiff, <br> and <br> AMERICAN SHRIMP PROCESSORS ASSOCIATION, <br>     Plaintiff-Intervenor, <br> and <br> MEGAA MODA PRIVATE LIMITED <br>     Plaintiff, <br> v. <br> UNITED STATES, <br>     Defendant, <br> and <br> MEGAA MODA PRIVATE LIMITED <br>     Defendant-Intervenor. <br> and <br> AMERICAN SHRIMP PROCESSORS ASSOCIATION, et al., <br>     Defendant-Intervenors. | Consol. Case No. 23-00202 |

REPLY BRIEF OF PLAINTIFF
MEGAA MODA PRIVATE LIMITED,

          Robert G. Gosselink
          Aqmar Rahman

          **TRADE PACIFIC PLLC**
          700 Pennsylvania Avenue, SE, Suite 500
          Washington, D.C.  20003
          Tel.: (202) 223-3760

Dated:  May 14, 2024           *Counsel to Megaa Moda Private Ltd.*

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES .......................................................................................................... ii

I.      INTRODUCTION ................................................................................................................ 1

II.     ARGUMENT........................................................................................................................ 2

        A.     Commerce's Failure to Allow an Offset Against Interest Expenses for Interest Subvention Must Be Corrected ................................................................................. 3

        1.     Substantial Evidence on the Record Requires Allowing Interest Subvention to Offset Incorrectly Overstated Interest Expenses ...................................................... 3

        2.     Commerce's Disallowance of an Offset for Interest Subvention Is Not in Accordance with the Law ........................................................................................ 4

        B.     Megaa Moda Provided Sufficient Evidence to Support Its Eligibility to Use Interest Income from "FD with FBL" as an Offset Against Financial Expenses ... 9

III.    CONCLUSION................................................................................................................. 12

## TABLE OF AUTHORITIES

Page

**Cases**

*Ansaldo Componenti, S.p.A. v. United States*, 628 F. Supp. 198 (1986) ...................................... 10
*Commissioner of Internal Revenue v. Court Holding Co.*, 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981 (1945) ................................................................................................................................ 6
*Commissioner of Internal Revenue v. P. G. Lake, Inc.*, 356 U.S. 260, 78 S.Ct. 691, 2 L.Ed.2d 743 (1958) .................................................................................................................................. 6
*Commissioner of Internal Revenue v. Tower*, 327 U.S. 280, 66 S.Ct. 532, 538, 90 L.Ed. 670 (1946) ................................................................................................................................... 6
*Federal Election Com'n v. Akins*, 524 U.S. 11, 118 S.Ct. 1777, 141 L.Ed.2d 10 .......................... 6
*Frank Lyon Co., v. U.S.*, 435 U.S. 561, 98 S.Ct. 1291, 55 L.Ed.2d 550 ....................................... 6
*Helvering v. F&R Lazarus & Co.,* 308 U.S. 252, 60 S.Ct. 209, 84 L.Ed. 226 (1939) ................... 6
*Pakfood Pub. Co. v. United States*, 453 F. Appx. 986, 987-88 (2011) .......................................... 5

**Statutes**

5 U.S.C. § 773(b)(3)(B) ............................................................................................................ 2, 3, 4
5 U.S.C. § 773(e)(2)(A) ............................................................................................................ 2, 3, 4

**Other Authorities**

*Certain Softwood Lumber Products from Canada*, 67 Fed. Reg. 15539 (Dep't Commerce April 2, 2002) ................................................................................................................................. 5

*Glycine from India: Final Determination of Sales at Less Than Fair Value, 84 Fed. Reg. 18487* (May 1, 2019) ....................................................................................................................... 11

**REPLY BRIEF OF PLAINTIFF**
**MEGAA MODA PRIVATE LTD.**

I. **INTRODUCTION**

Plaintiff, Megaa Moda Pvt. Ltd., a foreign producer and exporter of frozen warmwater shrimp from India, submits this reply to the April 16, 2024, response of Defendant, the United States Department of Commerce, and the April 16, 2024, response of Defendant-Intervenors, Ad-Hoc Shrimp Trade Action Committee ("AHSTAC") and American Shrimp Processor's Association, et al ("ASPA") (collectively, the "Domestic Industry"), both of which responded to the claims raised by Plaintiff in its Rule 56.2 motion for judgment on the agency record. *See* Def.'s Resp. Pl.'s Mot. J. Upon Agency R. Confidential Version, April 16, 2024, ECF No. 50 ("Commerce Response"), Def.-Ints' Resp. Opp'n Pl.'s Mot. J. Upon Agency R. Public Document, April 16, 2024, ECF No. 49 ("Domestic Industry Response").

Megaa Moda's motion for judgment on the agency record contested two aspects of the U.S. Department of Commerce's final results in the 17th administrative review of certain frozen warmwater shrimp from India. *See* Pl.'s Rule 56.2 Mot. J. Agency R., February 6, 2024, and Mem. Supp. Mot. J. Upon Agency Record, February 6, 2024, ECF No. 38 ("Megaa Moda Brief"); s*ee also Certain Frozen Warmwater Shrimp from India*, 88 Fed. Reg. 60431 (Dep't Commerce Sept. 1, 2023), P.R. 205, Issues and Decision Memorandum, P.R. 202. Megaa Moda argued that the Court should remand Commerce's decisions (1) not to allow an offset to financial expenses for interest subvention income and (2) not to allow an offset for certain interest earned on short-term fixed deposits when calculating Megaa Moda's net interest expenses. As addressed *infra*, Commerce not only departed from its well-established practice, but Commerce's decision also was not supported by substantial evidence with respect to its treatment of the two aforementioned items. In their response briefs, Defendant and Defendant-Intervenors fail to

1

Case 1:23-cv-00202-TJA    Document 53    Filed 05/14/24    Page 5 of 16

Consol. Ct. No. 23-00202                                                    Plaintiff's Reply Brief

address the fundamental basis of Megaa Moda's appeal. The issue here for both elements of financial income is whether Commerce correctly calculated Megaa Moda's net financial expenses pursuant to Section 773(b)(3)(B) and Section 773(e)(2)(A) of the Act, which define the cost of production and constructed value to include an amount for selling, general, and administrative expenses based on *actual* data pertaining to a respondent's production and sales of merchandise under consideration. Specifically, the baseline issue of the present case is whether Commerce correctly identified and defined the net interest expenses and appropriate offset items. In contrast, Defendants focus on whether Megaa Moda's income from the subvention program derived from its working capital (or short-term assets) and whether such income was short-term in nature. *See generally* Commerce Response and Domestic Industry Response. With regard to the "interest on FD with FBL," Defendants also fail to identify in the administrative record where Commerce responded to Plaintiffs' specific challenge. In short, Defendants misidentify the essence of Megaa Moda's appeal and fail to address the evidence on the administrative record raised by Megaa Moda.

II.     **ARGUMENT**

Commerce's rejections of Megaa Moda's interest expense offsets were neither supported by substantial evidence on the record nor in accordance with law. As Defendants concede, the income received by Megaa Moda from the subvention program represented a refund for the overpayment of interest expenses. Regardless of how the initial interest expenses were calculated, to the degree that Megaa Moda overpaid such interest expenses and that the surplus was returned to Megaa Moda, such overage represents an amount that Megaa Moda never should have paid in the first place; and thus should have been credited against the financial expenses that Commerce used to calculate Megaa Moda's financial expense ratio. Separately, Megaa

2

Case 1:23-cv-00202-TJA   Document 53   Filed 05/14/24   Page 6 of 16

Consol. Ct. No. 23-00202                                                                       Plaintiff's Reply Brief

Moda provided substantial evidence to prove the short-term nature of the interest income earned from the FD with FBL. Commerce's decision not to allow an offset to Megaa Moda's financial expenses for income earned from the FD with FBL, despite the evidence on the administrative record, renders Commerce's decision unsupported by substantial evidence.

    **A.    Commerce's Failure to Allow an Offset Against Interest Expenses for Interest Subvention Must Be Corrected**

        **1.    Substantial Evidence on the Record Requires Allowing Interest Subvention to Offset Incorrectly Overstated Interest Expenses**

Substantial evidence on administrative record supports that the income from subvention program should have been directly or indirectly offset against financial expenses in the calculation of Megaa Moda's net interest expenses. It is undisputed – and acknowledged by Defendants – that the interest subvention received by Megaa Moda during the period of review represents refunds of excess interest expenses overpaid by Megaa Moda. *See* Domestic Industry Response at 7-12 (ECF No. 49); *see also* Commerce Response at 27-30 (ECF No. 50). By including the overpaid interest expenses in the calculation of net interest expenses, Commerce overstated the net interest expenses, which, in turn, necessarily overstated Megaa Moda's costs of production and constructive value.[1] It is well-established Commerce practice to offset income from short-term assets (or working capital) against interest expenses. To calculate the correct net interest expenses, Commerce thus should have permitted the overpaid interest expenses to be adjusted either (1) by allowing the overpaid portion of interest expenses to be subtracted directly from the interest expenses where the overpaid amount was recognized in the interest expense account as negative amount or (2) by offsetting the overpaid portion against the interest expenses where the overpaid amount was recognized in an interest income account or interest expense

---

[1] *See* Section 773(b)(3)(B) and 773(e)(2)(A) of the Act.

3

Case 1:23-cv-00202-TJA   Document 53   Filed 05/14/24   Page 7 of 16

Consol. Ct. No. 23-00202                                           Plaintiff's Reply Brief

contra account.  Megaa Moda reasonably offset the overpaid interest expense against the company's interest expenses, treating the excess amount paid that was refunded as interest income from short-term assets to report the net interest expenses accurately.  *See* "Megaa Moda's Initial Response to Section D Questionnaire" (Megaa Moda's Initial Section D Response) (Sept. 22, 2022) (C.R. 63-66, P.R. 129-131) at Exhibit D-14.  But Commerce rejected this offset, reasoning that the refunded overage does not constitute real income from short-term assets but merely represents an overpayment of interest expense.  *See* Issues and Decision Memorandum at cmt. 5 (Dep't of Commerce Aug. 25, 2023) (IDM) (P.R. 202).

Commerce's decision not to allow an offset of interest subvention refunds against interest expenses not only is illogical, but also contradicts substantial evidence.  As noted *supra*, Defendants have accepted that interest subvention represents a *refund* of *overpaid* interest expenses.  Additionally, "Interest Subvention Received" is a contra account under the "Financial Cost" (i.e., interest expenses) account in Megaa Moda's normal books and records.  *See* Megaa Moda's Initial Section D Response at Exhibit D-12 (C.R. 63-66, P.R. 129-131).  That means that "Interest Subvention Received" is subtracted from interest expenses to identify the net interest expense amount in Megaa Moda's normal course of accounting.  As such, it was not reasonable for Commerce to have denied an offset of overpaid interest expense just because the offset was claimed as income from working capital.  Instead, an offset of interest subvention should have been allowed to calculate net interest expenses accurately.  This Court therefore should remand this issue to Commerce for reconsideration.

    **2. Commerce's Disallowance of an Offset for Interest Subvention Is Not in Accordance with the Law**

Section 773(b)(3)(B) and 773(e)(2)(A) of the Act define the cost of production and constructed value to include an amount for selling, general, and administrative expenses based

4

Case 1:23-cv-00202-TJA   Document 53   Filed 05/14/24   Page 8 of 16

Consol. Ct. No. 23-00202                                          Plaintiff's Reply Brief

on **actual data** pertaining to the production and sales of the merchandise under consideration. The statute does not address how Commerce is to calculate interest expenses or what Commerce must or must not allow as an offset in that calculation. Rather, the statute simply directs Commerce to include in its calculation of the cost of production for subject merchandise various costs, including the overhead costs incurred to operate the manufacturing company. But how those costs are to be calculated was left by Congress to the discretion of the administering authority. In establishing its practice, Commerce may engage in authorized statutory gap-filling on an issue where the anti-dumping statute is silent. *Pakfood Pub. Co. v. United States*, 453 F. Appx. 986, 987-88 (Fed. Cir. 2011). However, such action by Commerce must be grounded on a correct interpretation of the law. Commerce established its practice of calculating net interest expenses based on its interpretation of the relevant provisions to include net interest expenses as a component of general and administrative expenses. *See* Final Determination of Sales at Less Than Fair Value: *Certain Softwood Lumber Products from Canada*, 67 Fed. Reg. 15539 (April 2, 2002) (Issues and Decision Memorandum, at Comment 15). Commerce's practice is that net interest expenses are the **actual** interest expenses incurred by a company on both short-term and long-term debt, reduced by the interest income earned on short term deposits and securities.

In the present case, it is important to note the meaning of **actual** data or **actual** expenses in the provision. The proper interpretation of these key words is what the data or expenses really were. That is, the law requires Commerce to use the interest expenses incurred in fact, not interest expenses that might have been overstated or understated. By relying on the overstated interest expenses that were not reduced by the refund of overpaid interest expenses, Commerce misinterpreted the law. Although agencies often have discretion about whether to take a particular action, those adversely affected by a discretionary agency decision generally have

standing to complain that the agency based its decision upon an improper legal ground; and if a reviewing court agrees that the agency misinterpreted the law, it will set aside the agency's action and remand the case, even though the agency, like a new jury after a mistrial, might later, in the exercise of its lawful discretion, reach the same result for a different reason. *Federal Election Com'n v. Akins*, 524 U.S. 11, 118 S.Ct. 1777, 141 L.Ed.2d 10.

Defendants argue that Megaa Moda's interest subvention program income did not derive from its working capital accounts such that granting an interest income offset for this program would be inappropriate; and also argue that Commerce's practice requires that offsets to interest expenses be limited to interest income earned on a short-term asset. *See* Commerce Response at 26; Domestic Industry Response at 6. But these arguments stem from a misinterpretation of the law, as noted *supra*, and overlook a crucial legal standard to which agencies are obligated. In determining the actual expenses to be considered in the calculation of net interest expenses, Commerce should have applied the doctrine of "substance over form." Administrators of the laws and the courts are concerned with substance and realities, and formal written documents are not rigidly binding. *Helvering v. F&R Lazarus & Co.,* 308 U.S. 252, 255 60 S.Ct. 209, 84 L.Ed. 226 (1939); *Commissioner of Internal Revenue v. P. G. Lake, Inc.*, 356 U.S. 260, 266–267, 78 S.Ct. 691, 2 L.Ed.2d 743 (1958); *Commissioner of Internal Revenue v. Court Holding Co.*, 324 U.S. 331, 334, 65 S.Ct. 707, 89 L.Ed. 981 (1945). In applying this doctrine, Courts have looked to the objective economic realities of a transaction rather than to the particular form the parties employed. *Frank Lyon Co., v. U.S.* 435 U.S. 561, 98 S.Ct. 1291, 55 L.Ed.2d 550.

In this case, it is undisputed that the substance of interest subvention is a *refund* of overpaid interest expense. "Interest Subvention" relates to the *refund* of interest expenses on pre-shipment export financing under the "Interest Equalization Scheme for Pre and Post

Shipment Rupee Export Credit" announced by Government of India.  *See* Megaa Moda's Letter, "Response to Supplemental D Questionnaire" (February 13, 2023) ("Megaa Moda Supp DQR"), at SD1-10, PD 153-155, CD 90-95 (emphasis added).  To the degree that Megaa Moda overpaid certain interest expenses and that the surplus was returned to Megaa Moda, such overage represents an amount that Megaa Moda never should have paid in the first place; and thus should be credited against the financial expenses that Commerce used to calculate Megaa Moda's financial expense ratio.  Moreover, as substantiated *supra*, Megaa Moda accounted for interest subvention in its "Interest Subvention Received" account, which is a contra account under "Financial Cost," as grouped per the audited financial statements.  *See* Megaa Moda's Initial Section D Response at Exhibit D-12 (PR 60, CR 26-27).  A contra account is a type of account used in accounting to record transactions that offset or reduce the balance of a related account.  Contra accounts are used to provide a clear picture of the net balance or true value of an asset or liability.  They typically have a balance opposite to the normal balance of the corresponding main account.  Thus, in Megaa Moda's normal accounting, the net interest expense amount is determined by reducing the interest expense amount to the extent of the amount recorded in the relevant contra account, i.e., "Interest Subvention Received."  In accordance with Commerce's well-established practice, Megaa Moda reported this interest subvention as an offset item under short-term income from current assets, instead of directly offsetting it against interest income because the result of calculation should be the same whether interest subvention is offset directly from the interest expenses or offset as an income from short-term asset.  *See* Megaa Moda's Initial Section D Response at Exhibit D-14 (PR 60, CR 26-27).

 Defendants argue that Commerce rightfully disallowed offset for interest subvention because it is not income generated from Megaa Moda's current assets and working capital but

Case 1:23-cv-00202-TJA   Document 53   Filed 05/14/24   Page 11 of 16

Consol. Ct. No. 23-00202                                               Plaintiff's Reply Brief

reflects the refund of excess interest expenses paid.  *See* Domestic Industry Response at 7-12 (ECF No. 49); *see also* Commerce Response at 27-30 (ECF No. 50).  In fact, Commerce noted in the Issues and Decision Memorandum that "… we determine that this interest subvention was generated from the refunds of interest expenses from export credit … ."  *See* IDM cmt. 5 (P.R. 202).  As such, Defendants concentrated their arguments solely on whether the interest subvention income stemmed from current assets (or working capital), rather than assessing whether the interest expenses were overstated at the outset.  *See generally* Commerce Response (ECF 50); *see also generally* Domestic Industry Response (ECF 49).  As such, although Defendants acknowledged interest subvention represents the refund of overpaid interest expense, they ignore that Commerce knowingly disregarded the economic reality or substance of the transaction (interest subvention) and applied its practice without regard to the actual data or expense.  Furthermore, Commerce did not explain why the refund of overpaid interest expenses was not allowed as an offset to financial expenses.

The essence of Megaa Moda's argument is that Commerce should have looked to the economic reality of the interest subvention rather than relying merely on the form of the transaction.  Regardless of how Megaa Moda recorded the interest subvention, it is clear that the amount Megaa Moda recognized as interest subvention represented the refund of an excess overpayment of interest expenses, which Commerce should have been permitted as an offset against interest expenses in the calculation of Megaa Moda's net interest expenses either (1) as income from short-term assets or (2) as a direct offset against the interest expenses paid. Commerce's decision not to allow Megaa Moda an offset for interest subvention was an unreasonable misapplication of the law and a misunderstanding of the facts, and this Court should remand the issue to Commerce for further consideration.

Case 1:23-cv-00202-TJA    Document 53    Filed 05/14/24    Page 12 of 16

Consol. Ct. No. 23-00202                                                                                       Plaintiff's Reply Brief

### B. Megaa Moda Provided Sufficient Evidence to Support Its Eligibility to Use Interest Income from "FD with FBL" as an Offset Against Financial Expenses

In this case, Commerce unreasonably excluded Megaa Moda's "interest income from FD with FBL" as interest income to offset financial expenses, and the responses of Defendants fail to establish that Commerce's decision was based on substantial evidence. Megaa Moda acknowledges that it was Megaa Moda's burden to support sufficiently the use of any short-term interest income to offset interest expenses. But, in this regard, Megaa Moda fully established the short-term nature of its "FD with FBL" interest income because the "FD with FBL" was a working capital account, and existed to meet the company's daily cash requirements. As such, the income generated from the account was eligible to offset interest expenses in the net interest expense calculation. First, as substantiated in Note 22 to the company's audited financial statements for the fiscal year 2021-2022, the income on "FD with FBL" represents interest income from bank deposits. *See* Megaa Moda's Sections A-C Supplemental Questionnaire Response at Exhibit S1-1 (C.R. 82-86, P.R. 149-150); *see also* Megaa Moda Brief at Attachment 1 (ECF No. 38). Second, Megaa Moda fully substantiated that "FD with FBL" is categorized as "Cash & Cash Equivalents" in its audited financial statements. Specifically, the full amount of "FD with FBL" is captured in the company's "Cash & Cash Equivalents," thus further supporting the short-term nature of the interest derived from these assets. *See* Megaa Moda's 2nd Section D Supplemental Questionnaire Response at Exhibit S1-13(a) (C.R. 90-95, P.R. 153-155); *see also* Megaa Moda Brief at Attachments 3 and 6 (ECF No. 38). As such, Megaa Moda met its evidentiary burden, and the administrative record contains sufficient information to establish that Commerce's claim that such interest income was not short-term in nature was not reasonable.

Defendants argue that Megaa Moda failed to meet its burden of establishing the short-

Case 1:23-cv-00202-TJA   Document 53   Filed 05/14/24   Page 13 of 16

Consol. Ct. No. 23-00202                                                                         Plaintiff's Reply Brief

term nature of "FD with FB."  But as previously substantiated, "FD with FBL" represents cash and cash equivalent bank holdings.  In this respect, it was not reasonable for Commerce to consider that such bank deposits were not short-term in nature, i.e., that the "FD with FBL" account was not a current asset.  In addition, cash and cash equivalents are considered the most liquid of assets because they already are in a form that can be used immediately to settle debts or complete transactions.  That is, such assets represent the working capital that meets a company's daily cash requirements.  Again, based on the administrative record, it was not reasonable for Commerce to conclude that cash deposits in a bank as adequate to support the conclusion that Megaa Moda may withdraw the deposit to meet its daily cash requirements.

Further, Defendants argue that Megaa Moda did not even define "FD with FBL." Commerce Response at 32; Domestic Industry Response at 15.  But the repeated references in Megaa Moda's financial statements to "FBL" as a bank where Megaa Moda had current account balances was sufficient to identify "FBL" as a bank name.  *See* Megaa Moda Brief at Attachment 6.  And "FD" is a commonly used abbreviated form of fixed deposit, which does not necessitate explanation.  In any event, Commerce never asked Megaa Moda to define "FD with FBL."  As the Domestic Industry argued in its response brief, it is Commerce, not the respondent, that determines what information is to be provided for an administrative review.  *Ansaldo Componenti, S.p.A. v. United States*, 628 F. Supp. 198, 205 (Ct. Int'l Trade 1986).  In this case, Megaa Moda provided all the information requested by Commerce, and such information constitutes substantial evidence in that it is "more than a mere scintilla" of evidence that "a reasonable mind might accept as adequate to support a conclusion," which is that "FD with FBL"

Case 1:23-cv-00202-TJA   Document 53   Filed 05/14/24   Page 14 of 16

Consol. Ct. No. 23-00202                                              Plaintiff's Reply Brief

is a current asset and the interest income therefrom, which is also cash,[2] was eligible as an offset against interest expenses in the calculation of net interest expenses.

Defendants also claim that Megaa Moda's citation to Glycine from India does not support its claim. Commerce Response, at 32; Domestic Industry Response at 15. But based on the record evidence, Megaa Moda correctly cited *Glycine from India: Final Determination of Sales at Less Than Fair Value*, 84 Fed. Reg. 18487 (May 1, 2019) in its opening brief. In *Glycine from India*, Commerce found that a company's cash and cash equivalents account are current financial instruments of high liquidity, not investments that are a separate profit making-activity, and record evidence showed that the deposits that generated the interest income were classified as "cash and cash equivalents" related to working capital, and thus constituted interest income that was short-term in nature. This Commerce decision is directly relevant to the present case. As identified *supra*, "FD with FBL" is a current asset, i.e., cash deposited in a bank. Interest income on "FD with FBL" is also cash that is deposited in the bank account. Both the principal and interest income were recorded under "Cash and Cash Equivalents" in Megaa Moda's normal books and records, as reflected in the company's audited financial statements. *See* Megaa Moda's Sections A-C Supplemental Questionnaire Response at Exhibit S1-1 (C.R. 82-86, P.R. 149-150); *see also* Megaa Moda Brief at Attachment 1 (ECF No. 38). As such, Commerce's decision not to allow interest income on "FD with FBL" is contradicted by the record evidence, and also inconsistent with Commerce's established practice.

As a final point, the nomenclature does not bear any significance. As noted *supra*, administrators of the laws and the courts are concerned with substance and realities. The

---

[2] *See* Megaa Moda's 2nd Section D Supplemental Questionnaire Response at Exhibit S1-13(a) (C.R. 90-95, P.R. 153-155); see also Megaa Moda Brief at Attachment 6 (ECF No. 38).

Case 1:23-cv-00202-TJA   Document 53   Filed 05/14/24   Page 15 of 16

Consol. Ct. No. 23-00202                                          Plaintiff's Reply Brief

economic reality of the transactions ("FD with FBL" and interest income therefrom) is that they reflect cash deposits in a local bank. Whether the deposit is fixed or not fixed is a distinction that is not determinative as to whether "FD with FBL" and the income therefrom are short-term in nature. In this case, regardless of the type of deposit, the interest earned on the bank deposit was short-term in nature, and, as such, was eligible for to be used as an offset against interest expenses in the calculation of net interest expense. Commerce's failure to offset Megaa Moda's interest expenses with the interest on FD with FBL was a legal error that it must correct.

### III.  CONCLUSION

Given the substantial evidence on the administrative record supporting the use of Megaa Moda's various financial income as offsets to financial expenses, and Commerce's disregard of such information, we respectfully request that the Court find Commerce's determination in the 2021-2022 administrative review to be unsupported by substantial evidence. The Court should remand this case to ensure that Commerce does not ignore the relevant record evidence and makes a decision based on substantial evidence.

Respectfully submitted,

/s/ Robert G. Gosselink
Robert G. Gosselink
Aqmar Rahman

**TRADE PACIFIC PLLC**
700 Pennsylvania Avenue, SE, Suite 500
Washington, D.C.  20003
(202) 223-3760

Counsel to Megaa Moda Pvt. Ltd.

Dated:  May 14, 2024

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AD HOC SHRIMP TRADE ACTION COMMITTEE, | |
|     Plaintiff, | |
| and | |
| AMERICAN SHRIMP PROCESSORS ASSOCIATION, | |
|     Plaintiff-Intervenor, | |
| and | |
| MEGAA MODA PRIVATE LIMITED | Thomas J. Aquilino, Judge |
|     Consolidated Plaintiff, | |
| v. | Consol. Court No. 23-00202 |
| UNITED STATES | |
|     Defendant, | |
| and | |
| MEGAA MODA PRIVATE LIMITED, | |
|     Defendant-Intervenor, | |
| and | |
| AMERICAN SHRIMP PROCESSORS ASSOCIATION, et al., | |
|     Defendant-Intervenors. | |

**CERTIFICATION OF COMPLIANCE**

    The undersigned counsel at Trade Pacific PLLC hereby certifies that the accompanying Reply Brief, dated May 14, 2024, complies with the 7,000 word-count limitation described in part 2(B)(1) of the Court's Chambers Procedures.  The brief contains 3,643 words, excluding the table of contents, table of authorities, and counsel's signature block.

                                          Respectfully submitted,

                                          /s/ Robert G. Gosselink
                                          Robert G. Gosselink
                                          Trade Pacific PLLC
                                          700 Pennsylvania Avenue, SE, Suite 500
                                          Washington, D.C.  20003
                                          Tel.: (202) 223-3760

Dated: May 14, 2024                            Counsel to Megaa Moda Private Limited